IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASSET RECOVERY ASSOCIATES, LLC as assignee for the benefit of creditors for AtlantaFresh Artisan Creamery, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WHOLE FOODS MARKET GROUP, INC., et al., <br><br> Defendants. | CIVIL ACTION FILE NO. 1:21-CV-2629 -TWT |

OPINION AND ORDER

This is a breach of contract action. It is before the Court on Defendants Whole Foods Market Group, Inc. and Whole Foods Market Rocky Mountain/Southwest, LP's Motion for Summary Judgment [Doc. 76]. For the reasons set forth below, the Court DENIES Defendants Whole Foods Market Group, Inc. and Whole Foods Market Rocky Mountain/Southwest, LP's Motion for Summary Judgment [Doc. 76].

I. Background

As detailed in a previous order, this case arises out of the alleged breach of a supply contract (the "Supplier Agreement") between AtlantaFresh Artisan Creamery, LLC, on the one hand, and Defendants Whole Foods Market Group,

Inc. and Whole Foods Market Rocky Mountain/Southwest, LP (collectively, "Whole Foods"), on the other hand. *See Asset Recovery Assocs., LLC v. Whole Foods Mkt. Grp., Inc.*, 2022 WL 783972, at *1-2 (N.D. Ga. Mar. 15, 2022). On September 5, 2017, Whole Foods provided written notice of its intent to terminate the Supplier Agreement effective immediately. (Defs.' Statement of Undisputed Material Facts ¶ 2.) In response, AtlantaFresh repeatedly claimed that Whole Foods had breached its purchase commitments during the effective term of the Supplier Agreement, resulting in damages of more than $15 million. (*Id.* ¶ 3.) AtlantaFresh was later forced to shut down its business, and on or around May 9, 2018, it executed a "Deed of Assignment" purporting to assign all of its assets to the Plaintiff Asset Recovery Associates, LLC for the benefit of creditors. (*Id.* ¶¶ 3, 5.)

The original Deed of Assignment lists six categories of assets that were transferred to Asset Recovery at that time—cash, accounts receivable, inventory, equipment, other potential assets, and real property—none of which included any claims or potential claims against Whole Foods. (*Id.* ¶ 6.) Also attached to the Deed of Assignment is an "Acceptance of Assignee" signed by Asset Recovery and stating that it "hereby accepts the trust created by the foregoing Deed of Assignment and agrees that it will faithfully and without delay perform the conditions thereof and satisfy the duties imposed therein." (*Id.* ¶ 8.) More than two years later, on July 1, 2020, Asset Recovery filed this lawsuit in state court. (*Id.* ¶ 9.) Then, on August 19, 2020, it recorded a "Notice

of Filing an Amended List of Assets" in Gwinnett County, Georgia, which added this lawsuit as a seventh category of asset to the Deed of Assignment. (*Id.* ¶¶ 10-11.) Alongside the amended list of assets, there was an affidavit from Katie Goodman, the managing member of Asset Recovery, attesting that Asset Recovery "has examined the books and other papers of AtlantaFresh," "assisted in the preparation of the amended list of assets," and that "[t]o the best of my knowledge, information, and belief, the list is correct." (*Id.* ¶ 13.)

On August 3, 2021, Whole Foods moved for summary judgment on the grounds that the Deed of Assignment is invalid under Georgia law and Asset Recovery thus does not have standing to enforce the Supplier Agreement. *See Asset Recovery Assocs.*, 2022 WL 783972, at *2. But the Court rejected Whole Foods' two reasons for invalidating the Deed of Assignment: namely that (1) limited liability companies like AtlantaFresh may not execute assignments for the benefit of creditors, and (2) AtlantaFresh retained rights or control over its business under a pre-existing advisory agreement with Asset Recovery. *See id.* at *2-3. Now, in this second Motion for Summary Judgment, Whole Foods offers two more reasons to strike down the Deed of Assignment. The first is that AtlantaFresh and Asset Recovery did not properly amend the list of assets to include this lawsuit. And the second is that Asset Recovery did not file an affidavit about its role in preparing the list of assets with the original Deed of Assignment. (Defs.' Br. in Supp. of Defs.' Mot. for Summ. J., at 2.)

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III. Discussion

The pending Motion for Summary Judgment again calls into question the Deed of Assignment's validity under Georgia law and whether Asset Recovery, and not AtlantaFresh, is the appropriate party to prosecute this action. This time, Whole Foods invokes O.C.G.A. §§ 18-2-49 and 18-2-47 to argue that the Deed of Assignment is missing a complete list of assets and an assignee affidavit, respectively. The Court addresses each statute in turn.

### A. O.C.G.A. § 18-2-49

Under O.C.G.A. § 18-2-49, "[w]here an unintentional mistake or omission has been made in the description of the property, in the list of assets,

4

in the method of preparing the list of assets, or in the list of creditors, the same may be amended upon proof thereof to the court." It is undisputed that the original Deed of Assignment did not designate any claims against Whole Foods among AtlantaFresh's assets. Asset Recovery sought to cure that defect (assuming one existed) in August 2020 by amending the list of assets to include this lawsuit. Although Whole Foods concedes that the amendment was permitted by O.C.G.A. § 18-2-49, it contends that AtlantaFresh and Asset Recovery should have, but failed to, produce proof of an unintentional mistake or omission. (Defs.' Br. in Supp. of Defs.' Mot. for Summ J., at 8.) Nor could they have come up with such proof, Whole Foods reasons, because "AlantaFresh [sic] knew of its claims against Whole Foods and valued them at over $15 million before executing [the] Deed of Assignment." (*Id.* at 9.)

Asset Recovery has a different interpretation of O.C.G.A. § 18-2-49—that proof is required only for the specific amendments made to an assignment, not for whatever mistake or omission precipitated those amendments. (Pl.'s Br. in Opp'n to Defs.' Mot. for Summ. J., at 23-24.) The Court agrees. To begin, the word "same" in O.C.G.A. § 18-2-49 is a stand-in for the four elements of an assignment enumerated in the opening clause: "in the description of the property, in the list of assets, in the method of preparing the list of assets, or in the list of creditors[.]" The statute continues, "the same may be amended upon *proof thereof* to the court." O.C.G.A. § 18-2-49 (emphasis added). The word "proof" means in relevant part "[a]n attested document that constitutes

5

legal evidence," *Proof*, Black's Law Dictionary (11th ed. 2019), and the word "thereof" means "[o]f that, it, or them[.]" *Thereof*, Black's Law Dictionary (11th ed. 2019). In context, the phrase "thereof" refers to the more immediate word "same" rather than the distant phrase "unintentional mistake or omission."[1] So, applied here, O.C.G.A. § 18-2-49 requires that AtlantaFresh and Asset Recovery provide an attested document to evidence any assets which are added to the previously executed Deed of Assignment.

The Court concludes that they have carried this burden. In the Notice of Filing an Amended List of Assets, Ron Marks, the president of AtlantaFresh, and Katie Goodman, the managing member of Asset Recovery, submitted affidavits attesting that the amended list of assets is true and correct. (Defs.' Statement of Undisputed Material Fact, Ex. 8 at 7-8.) The newly created entry

---

[1] This reading is supported by the canon of statutory construction known as the "rule of the last antecedent." Under that rule, "a qualifying phrase 'should ordinarily be read as modifying only the noun or phrase that it immediately follows.'" *Scott v. State*, 299 Ga. 568, 572 (2016) (quoting *Lockhart v. United States*, 577 U.S. 347, 351 (2016)); *see also Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015) ("A pronoun, relative pronoun, or demonstrative adjective generally refers to the nearest reasonable antecedent.") (citation omitted); *Deal v. Coleman*, 294 Ga. 170, 174 (2013) ("Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent.") (citation omitted). The nearest reasonable antecedent to "proof thereof" in O.C.G.A. § 18-2-49 is "same," not "unintentional mistake or omission," and the Court finds nothing in the context of the statute to suggest a contrary intention. Nor does Whole Foods on reply ever acknowledge or challenge this interpretation, even though it was clearly advanced by Asset Recovery in its response brief. (*See generally* Reply Br. in Supp. of Defs.' Mot. for Summ. J., at 9-14.)

for this lawsuit also provides details about the parties, the nature of the action, and the civil action number (then in the Superior Court of Gwinnett County). (*Id.* at 6.) Whole Foods presents no evidence to suggest that the omission of AtlantaFresh's breach-of-contract claims from the original list of assets was intentional. To the contrary, Asset Recovery has invited AtlantaFresh's creditors—which are the actual beneficiaries under the Deed of Assignment, not Whole Foods—to request a copy of the lawsuit from its counsel. (*Id.*) In other words, there has been no attempt to fraudulently conceal this case and the potential financial recovery from creditors. The Court thus finds that the amended list of assets complies with O.C.G.A. § 18-2-49.

## B. O.C.G.A. § 18-2-47

Next, Whole Foods argues that Asset Recovery failed to timely file the affidavit required by O.C.G.A. § 18-2-47 with the Deed of Assignment. (Defs.' Br. in Supp. of Defs.' Mot. for Summ. J., at 9-11.) That provision states:

> *Within 15 days after the recording of the assignment provided for in Code Section 18-2-43*, the assignor shall, in connection with the assignee, prepare a full and complete list of all property of every kind, character, and description held, claimed, owned, or possessed by the assignor at the date of making such assignment, to which shall be attached the affidavit of the assignor that the list is true. *The assignee shall also attach an affidavit that he has examined the books and other papers of the assignor, that he assisted in the preparation of the list as far as possible, and that to the best of his knowledge, information, and belief the list is correct.* If he cannot make such affidavit, he shall state the reason therefor.

O.C.G.A. § 18-2-47 (emphasis added). When the Deed of Assignment was first

recorded in May 2018, it included a notarized Acceptance of Assignee stating that Asset Recovery "hereby accepts the trust created by the foregoing Deed of Assignment and agrees that it will faithfully and without delay perform the conditions thereof and satisfy the duties imposed therein." (Defs.' Statement of Undisputed Material Fact ¶ 8.) Even if that document could be considered an affidavit, it clearly omits the three statements set forth in O.C.G.A. § 18-2-47 that: (1) the assignee "has examined the books and other papers of the assignor," (2) the assignee "assisted in the preparation of the list as far as possible," and (3) "to the best of his knowledge, information and belief the list is correct."

But here again, Asset Recovery has cured its problematic affidavit. Under O.C.G.A. § 18-2-49, "the method of preparing the list of assets" (like the list of assets itself) "may be amended upon proof thereof to the court." O.C.G.A. § 18-2-49. As mentioned above, Katie Goodman, on behalf of Asset Recovery, attached a sworn affidavit to a Notice of Filing an Amended List of Assets which reads: "the Assignee has examined the books and other papers of AtlantaFresh . . . and . . . the Assignee assisted in the preparation of the amended list of the assets. To the best of my knowledge, information, and belief, the list is correct." (Defs.' Statement of Undisputed Material Facts, Ex. 8 at 8.) This new affidavit touches on all of the required elements in O.C.G.A. § 18-2-47 and is specifically authorized by O.C.G.A. § 18-2-49 since it describes the method of preparing the list of assets. Accordingly, the Court determines

that the 15-day window to "attach" an assignee affidavit does not foreclose this later amendment by Asset Recovery.[2]

### IV. Conclusion

For the foregoing reasons, the Court DENIES Defendants Whole Foods Market Group, Inc. and Whole Foods Market Rocky Mountain/Southwest, LP's Motion for Summary Judgment [Doc. 76].

SO ORDERED, this ___13th___ day of April, 2022.

_____
THOMAS W. THRASH, JR.
United States District Judge

---

[2] Whole Foods contends that Asset Recovery's failure to file an affidavit could not be cured in August 2020 due to the 15-day deadline in O.C.G.A. § 18-2-47. (Defs.' Br. in Supp. of Defs.' Mot. for Summ. J., at 13.) But by that same logic, it would be impossible to correct an incomplete list of assets, which is subject to the same 15-day deadline as the assignee affidavit. Whole Foods plainly contradicts itself by arguing that one but not the other may be amended under O.C.G.A. § 18-2-49.

9